UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLA C. ALFARO BRITTANY,<br><br>Plaintiff,<br><br>v.<br><br>ANNALISE M. BURNEY,<br><br>Defendant. | No. 2:24-cv-03464-DAD-JDP (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING PLAINTIFF TO PAY FILING FEE<br><br>(Doc. Nos. 2, 3) |

Plaintiff Michella C. Alfaro Brittany proceeds *pro se* in this civil action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 28, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be denied because plaintiff's application did not establish that she was unable to pay the required filing fee in full on account of her poverty. (Doc. No. 3.) The magistrate judge found that the application in support of plaintiff's motion indicated that plaintiff earns $91,604.00 per year across several

/////

/////

/////

1

1  income sources, has no listed debt,[1] and pays a monthly rent of $1,055.00.  (Doc. Nos. 2 at 1–2; 3
2  at 2.)  The magistrate judge concluded that, on this showing, plaintiff had failed to demonstrate
3  that she has "insufficient assets to pay the filing fee and costs and provide the necessities of life to
4  herself and her dependents."  (Doc. No. 3 at 2); *see also Escobedo v. Applebees*, 787 F.3d 1226,
5  1234 (9th Cir. 2015) ("The IFP statute does not define what constitutes insufficient assets.  As
6  this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma
7  pauperis statute. . . . Nonetheless, a plaintiff seeking IFP status must allege poverty with some
8  particularity, definiteness[,] and certainty.") (internal quotation marks omitted) (quoting *Jefferson*
9  *v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) and *United States v. McQuade*, 647 F.2d 938,
10 940 (9th Cir. 1981)).

11 Those pending findings and recommendations were served on the parties and contained
12 notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id*. at
13 2.)  To date, no objections to the pending findings and recommendations have been filed and the
14 time in which to do so has passed.

15 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
16 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
17 findings and recommendations are supported by the record and by proper analysis.

18 Accordingly,
19 1. The findings and recommendations issued on January 28, 2025 (Doc. No. 3) are
20    adopted in full;
21 2. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied;
22 3. Within twenty-one (21) days from the date of service of this order, plaintiff shall
23    pay the required $405.00 filing fee in full in order to proceed with this action; and
24 /////
25 /////
26

27 [1] The undersigned observes that plaintiff indicates in her application that she does have student loan debt but does not indicate the amount of that debt or the amount of her monthly payment on
28 the balance due.  (Doc. No. 2 at 2.)

2

4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **May 9, 2025**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3